# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GABRIEL YATES,

    *Plaintiff,*

vs.

NAPHCARE, INC*., et al.,*

    *Defendants*.

2:12-cv-01725-JCM-PAL

ORDER

This removed *pro se* prisoner civil rights action by a detainee at the county detention center comes before the court on plaintiff's application (#7) to proceed *in forma pauperis*, motion (#12) to be transported to the court for all hearings, and "emergency" motion for paper to file an opposition to the pending motion to dismiss.

The pauper application is not necessary for plaintiff to pay the filing fee in this removed case, but it appears that he is seeking pauper status with regard to other requests for relief. The court will grant the application on the showing made. The grant of the application does not signify, however, that plaintiff may obtain any and all relief sought herein based on an inability to pay. Further, the court will direct the clerk to withhold the summonses submitted by plaintiff. Service may not proceed until the court has completed screening and directed service and a response.

The motion for transport will be denied without prejudice as unnecessary. There are no hearings scheduled currently, and the vast majority of federal proceedings are addressed on the papers filed with no in-court hearings. If the court holds a live in-court hearing, it will

provide for participation by plaintiff either by video link or in person.  Meanwhile, there is no need to clutter the record with motions concerning eventualities that may never come to pass.

The motion to be provided more paper at the detention center will be denied.

Plaintiff maintains that he is being limited to one 50-page legal pad per month.  He maintains that this amount of paper is not sufficient to respond to defendant NaphCare, Inc.'s pending motion to dismiss.  Plaintiff does not need more than 50 pages to respond to the pending 22-page motion to dismiss. Plaintiff already has demonstrated in this case a capacity to waste paper by filing unnecessary papers and/or unnecessarily prolix papers.  The 5-page motion to appear at all hearings was unnecessary, and plaintiff further wasted another 4 pages on a statement regarding removal (#11) that was required by the scheduling order from the removing defendant, not from the plaintiff. Thereafter, plaintiff used a total of 14 legal pad pages to file a motion asking for more paper. Fifty pages, again, is an ample amount to file a response to the motion to dismiss.  If plaintiff focuses his efforts on responding to the motion to dismiss without unnecessarily wasting paper on unnecessary and overly prolix filings, fifty pages will be ample.

Plaintiff further maintains that he will need paper in connection with issuance of summonses and service. As noted above, service will not proceed forward prior to completion of screening.  Plaintiff can focus his resources on responding to the motion to dismiss without concerning himself with service at this juncture.  The court simply will quash any service attempted prior to on order expressly directing that service proceed.

Plaintiff further urges that he has several pending matters in the state district court and/or state supreme court and that fifty pages a month is not sufficient to litigate all of his state and federal cases. Fifty pages a month is sufficient for the present case at the present time. If plaintiff needs more paper to litigate other cases in other courts, he will have to submit his request to those courts.

Plaintiff relies upon the right of access to the courts recognized in *Bounds v. Smith*, 430 U.S. 817 (1977), and lower court decisions decided under *Bounds*.  However, the reach of *Bounds*, and pre-1996 lower court decisions applying *Bounds*, was sharply curtailed in

*Lewis v. Casey*, 518 U.S. 343 (1996). *Lewis* establishes that *Bounds* does not create a freestanding right to particular legal resources rather than to the courts, does not require states to provide all such resources as might be required to litigate effectively once inmates have accessed the courts, and "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." 518 U.S. at 350-51 & 354-55. Inmates only need be able to access the courts to challenge their conviction or their conditions of confinement. *Id.*, at 355.

In this regard, the court notes that plaintiff's proceeding in the state supreme court appears to be in the nature of a family law proceeding regarding parental rights. Nothing in the federal constitution requires that county officials provide plaintiff paper to litigate such a proceeding. Again, if plaintiff needs paper for other cases, he must make request to the courts in those cases, not this case.

Plaintiff requests in the alternative that he be allowed to print in some fashion from a laptop that the state court in his pending capital murder case has allowed him to use. If plaintiff wants the capacity to print from the laptop, he must make that request to the court that authorized the laptop. Plaintiff needs neither a laptop nor a printer to litigate *this* case. Countless civil rights cases have been litigated in this court by inmates who had only pen and paper and no laptop and/or printer. Plaintiff can litigate this case without such office equipment.

The court notes that plaintiff's pauper application reflects that plaintiff has over $1600.00 in accrued unpaid expenses at the county detention center for legal copying, postage, and other indigent legal items. From a review of the allegations in the complaint in this case, it does not appear that the litigation of this case will require even a fraction of that amount in resources utilized. Plaintiff needs to focus his efforts in this case on what is actually necessary to litigating the case, and that does not include filing multiple unnecessary and prolix motions. The detention center's 50-page a month limit is more than adequate for plaintiff to do what is necessary to respond to the pending motion to dismiss and otherwise to litigate the case.

Out of an abundance of caution, the court will grant plaintiff a thirty-day extension to plaintiff's response time on the motion to dismiss, so that he may access another month's paper allowance in preparing a response.

The court will screen the complaint as to the claims against the other defendants in conjunction with its review of the pending motion to dismiss. No other proceedings are necessary or warranted at this time pending an order ruling on the motion to dismiss and screening the complaint.

IT THEREFORE IS ORDERED that the application (#7) to proceed *in forma pauperis* is GRANTED, subject to the remaining provisions herein. Plaintiff shall be permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that the clerk shall withhold issuing any summonses in this matter until further order of the court.

IT FURTHER IS ORDERED that the motion (#12) to be transported to the court for all hearings is DENIED without prejudice as unnecessary.

IT FURTHER IS ORDERED that the "emergency" motion for paper to file an opposition to the pending motion to dismiss is DENIED, as plaintiff is being provided with sufficient paper to respond to the motion.

IT FURTHER IS ORDERED that the time for plaintiff to mail a response to the motion (#5) to dismiss to the clerk for filing is EXTENDED up to and including thirty (30) days after entry of this order.

DATED: November 19, 2012.

_____
JAMES C. MAHAN
United States District Judge