1

2

3

4

5

6

7

8

9

10

11

12

13

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GABRIEL YATES,

　　*Plaintiff*,

vs.

NAPHCARE, INC.*, et al.,*

　　*Defendants*.

2:12-cv-01725-JCM-VCF

ORDER

14　　This removed *pro se* prisoner civil rights action by a pretrial detainee comes before the

15　court for initial review under 28 U.S.C. § 1915A as well as on a motion (#5) to dismiss[1] and

16　motion (#27) to strike filed by the removing defendant Naphcare, Inc. ("Naphcare").

17　　　　　　　　　　　*Screening and Motion to Dismiss*

18　　When a "prisoner seeks redress from a governmental entity or officer or employee of

19　a governmental entity," the court must "identify cognizable claims or dismiss the complaint,

20　or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a

21　claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who

22　is immune from such relief." 28 U.S.C. § 1915A(b).

23　　In considering whether the plaintiff has stated a claim upon which relief can be granted,

24　all material factual allegations in the complaint are accepted as true for purposes of initial

25

26　　　　[1]The court screens a prisoner civil rights complaint without the necessity of a motion to dismiss. No
27　response – by answer, motion or otherwise – is required in such case from a defendant before screening is
completed and a response is directed. A defendant's initiation of motion practice, with *inter alia* associated
briefing delays, in a case that otherwise would have been brought up for a *sua sponte* screening in the normal
28　submission order tends to delay rather than expedite the progress of the case.

1   review and are to be construed in the light most favorable to the plaintiff.  *See,e.g., Russell*

2   *v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).   However, mere legal conclusions

3   unsupported by any actual allegations of fact are not assumed to be true in reviewing the

4   complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009).  That is, bare and

5   conclusory assertions that constitute merely formulaic recitations of the elements of a cause

6   of action and that are devoid of further factual enhancement are not accepted as true and do

7   not state a claim for relief.  *Id.*

8         Further, the factual allegations must state a plausible claim for relief, meaning that the

9   well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

10

11         [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127

12         S.Ct. 1955, 1974, 167 L.Ed.2d 929  (2007).]  A claim has facial plausibility when the plaintiff pleads factual content that allows the

13         court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The

14         plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has

15         acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

16         the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

17

18         . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader

19         is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

20   *Iqbal*, 556 U.S. at 678.

21         Allegations of a *pro se* complainant are held to less stringent standards than formal

22   pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

23         In the complaint, plaintiff Gabriel Yates alleges in principal part that he has been

24   denied requested kosher meals at the Clark County Detention Center ("CCDC") because he

25   is a practicing Muslim rather than Jewish.  As the complaint alleges, food that is kosher also

26   satisfies the requirements of halal, the corresponding approved regimen for Islam.  Plaintiff

27   further alleges that CCDC receives federal financial assistance, as a predicate for potential

28   application of the Religious Land Use and Institutionalized Persons Act (RLUIPA).

1    At its core, the complaint states a claim upon which relief may be granted under the

2 First Amendment, RLUIPA and the Equal Protection Clause.  *See, e.g., Shakur v. Schriro*,

3 514 F.3d 878 (9th Cir. 2008).

4    That is not to say, however, that the complaint states a federal claim for relief against

5 all defendants and/or on all claims presented.

6    First, plaintiff fails to state a claim upon which relief may be granted against defendant

7 Naphcare.  Plaintiff's conclusory allegation that Naphcare is responsible for alleged harm

8 caused by the denial of kosher meals because Naphcare failed, as a medical services

9 contractor, to intervene to correct the practice after he started a hunger strike fails to state a

10 claim.  An *arguendo* failure to respond  appropriately -- medically -- to a prisoner's serious

11 medical need occasioned by a detainee's hunger strike would be one thing.  Intervening to

12 correct a practice over which by definition Naphcare would have no authority – as a medical

13 services provider hired by the local government jailer – is another.  Conclusorily labeling such

14 a failure to intervene in the jail's practice regarding kosher meals as a "denial of medical

15 treatment" does not make it such.   Plaintiff may not by conclusory and formulaic legal

16 allegation create either an authority or a corresponding duty where plainly none exists.  His

17 legal arguments in his response seeking to establish to the contrary are without merit.

18 Repeatedly alleging conclusorily that Naphcare has the authority and duty to intervene does

19 not state a claim.

20    Second, "C.C.D.C." is not a juridical person subject to suit.   The Clark County

21 Detention Center is a building, not an entity that is capable of being sued.

22    Third, plaintiff fails to state a claim upon which relief may be granted under the Due

23 Process Clause.  The Due Process Clause provides no protection in this context over and

24 above that provided by the First Amendment and the Equal Protection Clause.

25    Fourth, plaintiff fails to state a claim upon which relief may be granted under the Eighth

26 or Fourteenth Amendments for alleged "cruel and unusual punishment."  With regard to the

27 Eighth Amendment, plaintiff is a pretrial detainee, not a convicted inmate.  Moreover, the

28 Eighth and Fourteenth Amendments do not prohibit officials broadly from being allegedly

1 "deliberately indifferent" to inmates' or detainees' constitutional rights as plaintiff alleges and

2 argues.  Rather, the corresponding protections of the two amendments prohibit officials from

3 being deliberately indifferent to a serious threat to inmate health or safety.  *See, e.g., Labatad*

4 *v. Corrections Corporation of America*, 714 F.3d 1155, 1160 (9th Cir. 2013).  Merely because

5 an inmate or detainee initiates a hunger strike to protest against a practice does not make

6 continuation of the underlying practice an Eighth or Fourteenth Amendment violation.  In

7 short, the Eighth and Fourteenth Amendments provide no protection in this context over and

8 above that provided by the First Amendment and the Equal Protection Clause.

9       Fifth, under 42 U.S.C. § 1997e(e), plaintiff may not recover compensatory damages

10 for pain and suffering, mental distress, or emotional anguish under § 1983 absent physical

11 injury, which is not alleged.  Section 1997e(e) otherwise would not bar a claim for punitive

12 damages, however.  *E.g., Oliver v. Keller*, 289 F.3d 623, 629-30 (9th Cir. 2002).

13       The court will dismiss the deficient claims, subject to leave to amend.  Other than state

14 law claims asserted against Naphcare, the court does not address any state law claims

15 against the other defendants.

### *Motion to Strike*

16

17       Naphcare moves to strike plaintiff's notice (#26) of possible stipulated agreement and

18 seeks $300.00 in sanctions from and or an admonishment to plaintiff for filing the notice.

19 Plaintiff seeks to withdraw the notice.  The court will grant the motion to the extent that it will

20 allow plaintiff to withdraw the notice.  The request for sanctions and/or an admonishment is

21 denied on the showing made.  Counsel for Naphcare simply could have ignored the notice.

22 The court frequently is presented with fugitive filings in prisoner cases; and it would take no

23 action, or reach any conclusion, based on the filing made.  That is, there simply was no action

24 to be taken by the court in response to the filing.  If a detainee does not file a motion with a

25 prayer for relief, there is nothing before the court.  If counsel wishes to avoid incurring

26 unnecessary legal expense for the client, counsel perhaps might find it advisable to not file

27 an essentially unnecessary motion to strike in response to every fugitive filing in a prisoner

28 case.  In other words, one does not have to swing at every pitch.

1    IT THEREFORE IS ORDERED that the motion (#5) to dismiss is GRANTED and, in

2  conjunction with the screening of the complaint, the following claims are DISMISSED without

3  prejudice for failure to state a claim upon which relief may be granted, subject to leave to

4  amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint,

5  if possible: (a) all claims against defendants C.C.D.C., Naphcare, Inc., and John Doe Medical

6  Directors I-V, as employees of Naphcare, Inc.; (b) all claims under the Due Process Clause;

7  (c) all claims under the Eighth and Fourteenth Amendments for alleged cruel and unusual

8  punishment; and (d) all federal law claims for compensatory damages for pain and suffering,

9  mental distress, or emotional anguish.

10    IT FURTHER IS ORDERED that, on any amended complaint filed, plaintiff shall clearly

11  title the amended complaint as an amended complaint by placing the word "AMENDED"

12  immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the

13  docket number, **2:12-cv-01725-JCM-VCF**, above the word "AMENDED" in the space for

14  "Case No." Under LR 15-1 of the local rules, any amended complaint filed must be complete

15  in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief

16  from prior papers that are not carried forward in the amended complaint no longer will be

17  before the court.

18    IT FURTHER IS ORDERED that the motion (#27) to strike is GRANTED IN PART and

19  DENIED IN PART, such that plaintiff's notice (#26) hereby is WITHDRAWN at his request,

20  and further such that the request for sanctions and/or an admonishment is denied.

21    If an amended complaint is filed in response to this order, the court will screen the

22  amended pleading before ordering any further action in this case.  No motion to dismiss or

23  other response is either required or invited prior to completion of screening.

24    If plaintiff does not timely file an amended complaint, the matter will proceed forward

25  on only the claims that remain before the court.[2]

26

27

28    [2]Plaintiff should note, in connection with the proposed summonses (## 8 & 21) submitted, that
service will not proceed before screening is completed and service and a response is directed by the court.

1    The clerk shall SEND plaintiff a copy of the original complaint that he submitted (#1-3,

2  through electronic docketing page 33 of 87) together with two copies of a § 1983 complaint

3  form and one copy of the instructions.

4         DATED: August 29, 2013.

5

6

7    _____
     JAMES C. MAHAN

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-