1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GABRIEL YATES,

     *Plaintiff*,

vs.

NAPHCARE, INC.*, et al.,*

     *Defendants*.

2:12-cv-01725-JCM-VCF

ORDER

This removed *pro se* prisoner civil rights action by a pretrial detainee comes before the court for initial review of the amended complaint (#33) under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause

of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief.  *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).]  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The court's statements regarding the original complaint remain pertinent:

> In the complaint, plaintiff Gabriel Yates alleges in principal part that he has been denied requested kosher meals at the Clark County Detention Center ("CCDC") because he is a practicing Muslim rather than Jewish.  As the complaint alleges, food that is kosher also satisfies the requirements of halal, the corresponding approved regimen for Islam.  Plaintiff further alleges that CCDC receives federal financial assistance, as a predicate for potential application of the Religious Land Use and Institutionalized Persons Act (RLUIPA).
>
> At its core, the complaint states a claim upon which relief may be granted under the First Amendment, RLUIPA and the Equal Protection Clause.  *See, e.g., Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008).
>
> That is not to say, however, that the complaint states a federal claim for relief against all defendants and/or on all claims presented.

1

2            First, plaintiff fails to state a claim upon which relief may be
3        granted against defendant Naphcare [Naphcare, Inc.]. Plaintiff's
         conclusory allegation that Naphcare is responsible for alleged
         harm caused by the denial of kosher meals because Naphcare
4        failed, as a medical services contractor, to intervene to correct the
         practice after he started a hunger strike fails to state a claim. An
5        *arguendo* failure to respond appropriately -- medically -- to a
         prisoner's serious medical need occasioned by a detainee's
6        hunger strike would be one thing. Intervening to correct a
         practice over which by definition Naphcare would have no
7        authority – as a medical services provider hired by the local
         government jailer – is another. Conclusorily labeling such a
8        failure to intervene in the jail's practice regarding kosher meals as
         a "denial of medical treatment" does not make it such. Plaintiff
9        may not by conclusory and formulaic legal allegation create either
         an authority or a corresponding duty where plainly none exists.
10       His legal arguments in his response seeking to establish to the
         contrary are without merit. Repeatedly alleging conclusorily that
11       Naphcare has the authority and duty to intervene does not state
         a claim.

12   #32, at 2-3.

13       In the amended complaint, plaintiff again names as a defendant, *inter alia*, Naphcare,

14   along with a multitude of new defendants.

15       Plaintiff nonetheless continues to make conclusory allegations regarding the alleged

16   involvement of Naphcare and the other defendants, against the backdrop of the very same

17   operative factual allegations regarding the denial of kosher meals. Plaintiff has incorporated

18   the court's passing reference to a failure to respond appropriately to a serious medical need

19   with his other conclusory allegations perhaps in the belief that the court was indicating that

20   the mere incantation of such words would state a claim. The court of course clearly was

21   making no such suggestion.

22       For example, in count I, plaintiff alleges in pertinent part as follows regarding the

23   involvement of the 12 identified defendants and 17 fictitiously named defendants:

24           . . . . Each of the defendants was notified by U.S. Mail
         and/or the grievance/request system at C.C.D.C., to provide
25       adequate medical care to a serious medical need and/or
         intervene administratively in the normal course of their jobs and
26       present his physical, mental and emotional abuse by draconian
         policies used to harm Muslim inmates and deprive them of their
27       religion, during said time. Each defendant conspired with the
         defendant Bonnie Polley in abusing Mr. Yates, and did not report
28       him being abused and targeted based on his religion. . . . . Each

                                    -3-

1
2

> of the defendants helped initiate, support, and/or endorse
> Defendant Bonnie Polley's purging of Islam from C.C.D.C. and
> had personal knowledge of Mr.Yates being abused.

3 #33, at 4 (at electronic docketing page 12).

4      In *Iqbal*, the plaintiff alleged – strikingly similar to the present case – only conclusorily

5 that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]'

6 to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion,

7 race, and/or national origin and for no legitimate penological interest.'" 556 U.S. at 680

8 (alterations in original). The complaint alleged, further, that "[Attorney General] Ashcroft was

9 the 'principal architect' of this invidious policy, ... and that [FBI Director] Mueller was

10 'instrumental' in adopting and executing it[.]" *Id.*

11      The Supreme Court held that such conclusory allegations failed to state a claim:

12
13
14
15
16
17
18
19
20

> These bare assertions, much like the pleading of
> conspiracy in *Twombly*, amount to nothing more than a "formulaic
> recitation of the elements" of a constitutional discrimination claim,
> 550 U.S., at 555, 127 S.Ct. 1955, namely, that petitioners
> adopted a policy "'because of,' not merely 'in spite of,' its adverse
> effects upon an identifiable group." . . . . As such, the allegations
> are conclusory and not entitled to be assumed true. *Twombly*,
> *supra*, 550 U.S., at 554–555, 127 S.Ct. 1955. To be clear, we do
> not reject these bald allegations on the ground that they are
> unrealistic or nonsensical. We do not so characterize them any
> more than the Court in *Twombly* rejected the plaintiffs' express
> allegation of a "'contract, combination or conspiracy to prevent
> competitive entry,'" *id.*, at 551, 127 S.Ct. 1955, because it thought
> that claim too chimerical to be maintained. It is the conclusory
> nature of [plaintiff's] allegations, rather than their extravagantly
> fanciful nature, that disentitles them to the presumption of truth.

21 556 U.S. at 681.

22      The *Iqbal* Court was focused in the foregoing passage primarily upon the sufficiency

23 of the allegations to state the underlying claim. However, the Supreme Court's remarks apply

24 with equal force to the sufficiency of allegations regarding a particular defendant's

25 involvement in the constitutional violation alleged. Bare, conclusory and formulaic allegations

26 of involvement do not state a claim for relief against a particular defendant. Moreover, under

27 long-established law, a bare allegation of conspiracy fails to state a claim for relief. *Twombly,*

28 *supra*; *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989).

-4-

Bare, conclusory, and formulaic allegations in particular do not state a claim for relief against a supervisory government official.  As the Supreme Court also observed in *Iqbal*, there is no *respondeat superior* vicarious liability under § 1983 by a supervisory official for the alleged acts of subordinates.  *Iqbal*, 556 U.S. at 675-76.  A supervisory official may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation.  *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).  Accordingly, because vicarious liability is inapplicable to § 1983 actions, a plaintiff must specifically plead what each official defendant, through the official's own individual actions, has done to violate the Constitution.  *See Iqbal*, 556 U.S. at 676.

Plaintiff therefore must present specific allegations of actual fact, not conclusory labels, tending to establish a causal connection between the alleged events and the involvement of each defendant named in the pleadings.  Plaintiff must do so, as to each defendant, within the body of the counts themselves, not in conclusory sentence fragments within the list of the defendants.

Plaintiff cannot establish potential liability of the extensive list of defendants in the amended complaint simply on the basis that he mailed them correspondence.  The mere fact that plaintiff mailed correspondence to a particular defendant does not necessarily make that defendant responsible for the circumstances alleged in the correspondence.  That is, plaintiff cannot establish potential liability merely by mailing letters.  He instead must present actual factual allegations tending to establish a causal connection between the alleged events and the involvement of each defendant.  *Accord Iqbal*, 556 U.S. at 677 (mere knowledge does not give rise to a constitutional violation on the part of a supervisory official).

The court will give plaintiff one more opportunity to present specific nonconclusory allegations of actual fact stating a claim for relief based upon individual involvement against each defendant named, including defendant Polley.  If plaintiff does not state a claim within the body of the counts themselves based upon specific allegations of individual involvement by a particular defendant, including defendant Polley, the claims against that defendant will

be dismissed.  If plaintiff does not state a viable claim against any defendant named in the pleading, the action will be dismissed by a final judgment without further advance notice.

IT THEREFORE IS ORDERED that the complaint, as amended, is DISMISSED without prejudice for failure to state a claim for relief against any defendant named, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in plaintiff's pleadings, if possible.

IT FURTHER IS ORDERED that, on any amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:12-cv-01725-JCM-VCF**, above the word "AMENDED" in the space for "Case No."  Under LR 15-1 of the local rules, any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.  No motion to dismiss or other response is either required or invited prior to completion of screening.

If plaintiff does not timely file an amended complaint that corrects the deficiencies in plaintiff's pleadings, the action will be dismissed without further notice.

The clerk shall SEND plaintiff a copy of the amended complaint (#33) together with two copies of a § 1983 complaint form and one copy of the instructions.

DATED:  May 22, 2014.

_____
JAMES C. MAHAN
United States District Judge

-6-